UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-13572-GAO

MICHAEL ROWLAND,
Plaintiff,

v.

TEAMSTERS' LOCAL UNION NO. 25 AFFILIATED WITH THE INTERNATIONAL
BROTHERHOOD OF TEAMSTERS; THE FOLLOWING INDIVIDUAL MEMBERS AND
REPRESENTATIVES OF SAID LOCAL NO. 25 SEAN M. O'BRIEN, PRESIDENT, JOHN A.
MURPHY, BUSINESS AGENT, AND GERALD WRIGHT AND THE OTHER
INDIVIDUALS COMPOSING OF THE MEMBERSHIP OF TEAMSTERS LOCAL UNION
25 WHOSE NAMES TO THE PLAINTIFF ARE UNKNOWN,
Defendants.

OPINION AND ORDER
September 26, 2018

O'TOOLE, D.J.

The plaintiff, Michael Rowland, brings suit against Teamsters Local Union No. 25 (the "Union"), Union president Sean M. O'Brien, Union business agent John A. Murphy, and Union steward Gerald Wright. Rowland, a former member of the Union, alleges the Union breached its duty to provide him with fair representation in connection with his termination from employment at DHL Express (USA), Inc. ("DHL") by failing to file a timely appeal in accordance with the grievance procedure outlined in the collective bargaining agreement between the Union and DHL. The defendants have moved for summary judgment, contending in relevant part that Rowland's suit is barred by the applicable statute of limitations.

## I. Factual Background

The following facts are undisputed unless otherwise noted:

Rowland was a Union member and worked at DHL. On March 19, 2014, he was involved in a motor vehicle accident while operating a DHL vehicle at work. On March 21, 2014, Rowland received a letter of termination from DHL. The letter read in part:

> On March 19, 2014 you were involved in a motor vehicle accident. While backing, you struck a parked vehicle. After a thorough investigation it was determined that this was a preventable accident caused by your careless and neglectful actions.
>
> As a result of the company's findings, you are hereby terminated per Article 29, Discharge & Suspension of the New England Rider to the DHL National Agreement with the International Teamsters Union.

(Notice of Removal, Ex. A at 13 (dkt. no. 2-2).)

Article 29 of the collective bargaining agreement (the "CBA") between the Union and DHL provides that

> The Employer shall not discharge nor suspend any employee without just cause, but in respect to discharge or suspension shall give at least one (1) warning notice of the complaint against such employee to the employee, in writing, and a copy of the same to the Union affected, except that no warning notice need be given to an employee before he is discharged if the cause of such discharge is dishonesty or drunkenness, or recklessness resulting in serious accident while on duty, or the carrying of unauthorized passengers, failure to report a known accident, or illegal drug induced intoxication . . . . Appeal from discharge, suspension, or warning notice must be taken within ten (10) days by written notice . . . .

(Pl.'s App. 463 (dkt. no. 42).)[1]

Additionally, under the CBA a grievance for disciplinary-related matters "must be filed within ten (10) calendar days of the receipt of discipline. . . . The grievance must be reduced to writing and presented to the Facility Manager or his designee." (Id. at 459–60.) A grievance "shall be considered waived if not filed within the time limits set forth" in the CBA. (Id. at 462.)

---

[1] Citations to the plaintiff's Appendix are to the pages as originally numbered, rather than to the numbering supplied by the electronic docket.

Under Article 29, the Union was required to file an appeal of the termination within ten calendar days of Rowland's receipt of the DHL letter, but it failed to do so. On April 8, 2014, DHL notified Rowland that by reason of no appeal having been filed in a timely fashion, Rowland's employment with DHL was being terminated immediately.

Union steward Wright maintained he had submitted a timely grievance form. DHL informed the Union that if it produced a copy of the grievance it would return Rowland to his job pending resolution of his termination through the grievance procedure in accordance with Article 29. DHL was advised that Wright had burned his copies of the purported grievance and the Union was not able to produce a paper copy.[2]

The Union proceeded with the grievance procedure maintaining that it had in fact filed a timely grievance. Rowland's removal was reviewed by the New England Joint Area Committee. The Committee deadlocked. In a subsequent expedited labor arbitration between the Union and DHL, the arbitrator upheld Rowland's termination.

On or about October 9, 2015, Rowland brought suit against the defendants in state court, and the defendants removed the case to this Court.

## II.    Discussion

The central—and dispositive—issue in this case is the applicable statute of limitations period. It is well-established that claims alleging both that an employer breached a collective bargaining agreement and that a union breached its duty of fair representation—a so-called "hybrid" § 301 / fair representation claim—are subject to the six-month statute of limitations

---

[2] Wright at some point had on his cellular phone a photograph of a grievance form alleged to be a copy of what he had submitted. Murphy, the business agent, submitted a copy of the photograph to DHL. Rowland contests the authenticity of the document in the photograph and the phone is now lost.

period set forth in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), which governs the filing of unfair labor practices. DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 169–72 (1983). Rowland, however, has not brought suit against his employer; to the contrary, Rowland appears to disavow any wrongdoing by DHL, arguing that "[t]here was no reason to bring a claim against DHL because there was no wrongdoing by the employer." (See Pl.'s Mem. in Opp'n to Defs.' Mot. for Summ. J. 8 (dkt. no. 41).)

Although the First Circuit has not determined whether the six-month limitations period applies to stand-alone fair representation claims, the prevailing view appears to be that it does. See, e.g., Witt v. Roadway Exp., 136 F.3d 1424, 1431 (10th Cir. 1998); George v. Local Union No. 639, Int'l Bhd. of Teamsters, 100 F.3d 1008, 1014 (D.C. Cir. 1996); Johnson v. Graphic Commc'ns Int'l Union, 930 F.2d 1178, 1181 (7th Cir. 1991); Richardson v. United Steelworkers of Am., 864 F.2d 1162, 1167 (5th Cir. 1989); Eatz v. DME Unit of Local Union No. 3 of Int'l Bhd. of Elec. Workers, 794 F.2d 29, 33 (2d Cir. 1986); Adkins v. Int'l Union of Elec., Radio & Mach. Workers, 769 F.2d 330, 335 (6th Cir. 1985); Erkins v. United Steelworkers, 723 F.2d 837 (11th Cir. 1984). I note that several of my colleagues in this District have concluded that the six-month limitations period applies. Logie v. Mass. Bay Trans. Auth., No. 1:17-CV-10949-PBS, 2018 WL 3721380, at *5 (D. Mass. July 31, 2018), *adopted by* Endorsed Order (ECF 44); Schoppe v. Whitworth, No. CV 16-11831-FDS, 2016 WL 7045698, at *2 (D. Mass. Dec. 2, 2016); Spencer v. Local 26, 941 F. Supp. 2d 193, 196 (D. Mass. 2013).

I find the cited cases persuasive and the concurrence of opinion conclusive.

Because Rowland failed to file suit within six months of knowing the Union's alleged wrongdoing, his fair representation claim is time-barred.

## III. Conclusion

For the foregoing reasons, the defendants' Motion for Summary Judgment (dkt. no. 33) is GRANTED. Judgment shall enter in favor of the defendants.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge
